```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                         COVINGTON DIVISION


IN RE:

THOMAS RICHARD STARKS, JR.                          CASE NO. 10-22108
PAULA JANE STARKS

DEBTORS
```

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on creditor, EverHome Mortgage Company's ("EverHome")objection to the Debtors' amended chapter 13 plan. For the reasons set forth below, the Court holds that notwithstanding whether a mobile home is permanently affixed to real property, it can only be deemed an interest in real estate when it is converted to real property pursuant to KRS 186A.297; thus, EverHome's mortgage may be modified pursuant to 11 U.S.C. §1322(b)(2).

Facts. The following facts are not in dispute.

On August 3, 2010, the Debtors filed their chapter 13 bankruptcy petition [DOC 1]. In the petition, Debtors listed EverHome as a secured creditor holding a $43,000.00 claim secured by a first mortgage on real estate and a garage located at 75 Marksberry, Sparta, Kentucky, valued at $15,000.00, with an unsecured portion of $28,000.00. Debtors' Schedule B further lists an unencumbered "1988 Redmon doublewide" (the "mobile home") as personal property with a value of $7,500.00. The parties agree that the Debtors reside in the mobile home which is located on the Sparta real property.

Debtors' chapter 13 plan, also filed on August 3, 2010 [DOC 2], proposed to cram down EverHome's claim of $43,000.00 to the real property value of $15,000.00 and to pay EverHome $328.81 monthly.

1

On August 6, 2010, notice of the bankruptcy case [DOC 9] was mailed to all creditors, including EverHome. That notice gave a deadline of September 30, 2010 within which to object to confirmation of Debtors' original plan.

On August 18, 2010, EverHome filed a secured proof of claim (POC 2-1) in the amount of $52,080.13.  The supporting documentation included a note and recorded mortgage encumbering the Sparta real property, both dated October 10, 2002.

On October 7, 2010, after the plan objection deadline had expired, EverHome filed an objection to the plan [DOC 15] stating that it was in the process of obtaining a broker price opinion for the value of the mobile home. Seven weeks later, on November 30, 2010, EverHome filed a supplemental objection to the plan [DOC 25] arguing that the plan impermissibly seeks to modify its claim which it contends is secured by the Debtor's principal residence (the real estate and mobile home).  The objection contends that the mobile home is affixed to the real property and thus is encumbered by EverHome's mortgage.

On December 8, 2010, Debtors filed an amended chapter 13 plan [DOC 26] where they once again sought to cram down EverHome's claim of $43,000.00 to a secured value of $15,000.00. The amended plan increased the proposed payments to EverHome to $358.25 monthly.

On December 14, 2010, a confirmation hearing was held [see DOC 31]. The parties were given time to brief the issues relating to EverHome's objection to confirmation, following which the matter would stand as submitted.

EverHome's memorandum in support of objection to confirmation

[DOC 33] argues that the mobile home is a fixture under and perfected by its mortgage in accordance with Kentucky law, based on the 2000 amendments to the Uniform Commercial Code, and not subject to modification in the chapter 13 plan.

Debtors' memorandum in opposition [DOC 34]argues that (1)EverHome's plan objections were filed untimely; (2) EverHome must file an adversary proceeding to assert a lien on the manufactured home; (3) the manufactured home is not a fixture; and (4) the lien of EverHome may be crammed down.

It is undisputed that the mobile home has an active certificate of title, that EverHome has no notation of a lien on the title and that the mobile home was never converted to real estate. There is a dispute as to whether the mobile home is permanently affixed to the real property.

Conclusions of Law

Deadlines for filing objections to chapter 13 plans may be set by local rule.  See Bankr.Rule 3015(f); In re Goana, 290 B.R. 381 (Bankr. S.D. Cal. 2003).  Local Rule 3015-3 states "An objection to confirmation of a chapter 13 plan is governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Such objection to confirmation, for any reason, including valuation, shall be filed with the court and served on the debtor, the attorney for the debtor and the chapter 13 trustee: (1)(A) on or prior to the date first set for the meeting of creditors in all divisions except Frankfort and Lexington; . . ."  In accordance with the Local Rule, the Notice of Bankruptcy [DOC 7] set September 30, 2010 as the objection deadline. The Local Rule does not, however, set a deadline for chapter 13 plans or amendments thereto

3

filed AFTER the objection deadline has passed. The Rules do require, however, 28 days notice of the plan, which applies to amended plans absent a court order shortening this time. Bankr. R. 2002(b). Accordingly, Debtors' subsequently filed amended plan provided EverHome with a new opportunity to object; thus, the Court shall not deny EverHome's objections as untimely.

Both parties argue that the other party is required to file an adversary proceeding to be heard. Both parties are incorrect. This matter arises in the context of plan confirmation, the only issue being whether EverHome holds the kind of claim which cannot be modified pursuant to 11 U.S.C. §1322(b)(2). This is not a lien avoidance action; rather, the procedural posture of this matter is no different than that approved in In re Belcher, Bankr. E.D. Ky. 07-60382, and In re Wilson, Bankr. E.D. Ky. 02-34305. Section 1322(b)(2) states that "...the plan may - (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . ." Thus, as part of the confirmation process, the Court may determine whether modification may occur without an adversary proceeding.

Turning to the substance of EverHome's argument which, in its simplest form is: (a) the mobile home is a fixture; (b) the UCC recognizes a priority scheme for mobile homes that are fixtures; (c) the priority scheme grants a lender who perfected by notation on a certificate of title priority over a mortgage holder on the real property; (d) thus, the mobile home can now be encumbered by a mortgage which refers to fixtures; and (e) thus, the mobile home is an interest in real property which is the Debtors' principal residence

4

and cannot be modified.  The argument fails.

In <u>Westenhoefer v. Countrywide Home Loans, Inc.</u>, Bankr. E.D. Ky. Adv. No. 06-6111 (DOC 44), Countrywide similarly made a claim that a mobile home had somehow lost its character as personal property becoming either part of the real estate or a fixture, and thereby subject to Countrywide's valid real estate mortgage.  Judge Scott reasoned, "Countrywide's argument wholly ignores the undisputable fact that, as of the date of the bankruptcy filing, there existed a certificate of title for the manufactured home which had not been surrendered and an unrecorded affidavit of conversion to real estate. The court is not persuaded by Countrywide's argument that Kentucky's version of Article 9 of the Uniform Commercial Code renders the manufactured home a fixture subject to Countrywide's mortgage via KRS 355.9-502. Kentucky law already provides a method by which a manufactured home can be converted to real estate upon its permanent affixation to land, see KRS 186A.297, and the court is disinclined to find that Countrywide's failure to comply with the requirements of KRS 186A.297 justifies creating an alternate method to convert manufactured homes to real estate via Kentucky's Article 9." *Id*. at 6.

KRS 186A.297(1) prescribes how to make a mobile home an interest in real property:

> When a manufactured home **is or is to be permanently affixed to real estate**, the owner may execute and file an affidavit of conversion to real estate with the county clerk of the county in which the real estate is located.(emphasis added).

Judge Scott held that because there was no effective conversion of the manufactured home to real estate, it retained its character as personal property as of the date of bankruptcy; thus, Countrywide's

security interest in the Debtors' mobile home was held unperfected and therefore inferior to the interest of the Trustee in bankruptcy as a judicial lien creditor pursuant to 11 U.S.C. 544(a).

Here, EverHome suggests that because the priority scheme set forth in KRS 355.9-334(5)(d) provides a mechanism for a mortgage to have priority over a security interest in a titled mobile home, that this somehow means a titled mobile home can be perfected other than by notation on its title. Stated differently, EverHome contends that this priority scheme means that a mortgage is a method of perfecting a lien on a manufactured home that is a fixture. EverHome confuses a statute which merely resolves potential conflicting priorities, with the unambiguous clear statute which governs the creation and perfection of a security interest in a mobile home. *Accord Johnson v. Branch Banking and Trust Company*, 313 S.W.3d 557 (Ky. 2010), wherein the Kentucky Supreme Court held that KRS 186A.195(5) was designed as a timing mechanism for establishing priority among creditors and does not define acts necessary for perfection in motor vehicles.

Everhome's suggestion that this interpretation renders the provisions of KRS 355.9-334(5)(d) meaningless ignores that its interpretation would render the clear mandate of KRS 186A.190(1) meaningless. The section provides:

> ...the perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title.

Basic statutory construction dictates that general language of a statutory provision will not be held to apply to a matter specifically dealt with in another statute. *D. Ginsberg & Sons, Inc. v. Popkin*, 52 S.Ct. 322, 323 (1932); *see also In re Kroskie*, 315 F.3d 644, 647 (6th

6

Cir. 2003)("the general rule that a security interest in a fixture can be perfected through a properly recorded mortgage in real estate does not govern where, as here, there is a specific statute dealing with mobile home security interests.")

As pointed out in the subsequent case of *In re Oswalt*, 444 F.3d 524 (6th Cir. 2006), the Michigan legislature reacted to the *Kroskie* decision by amending its Mobile Home Commission Act to specify that creditors could perfect security interests in mobile homes by recording traditional mortgage liens. *Id*. at 527. The Kentucky legislature has not so acted. EverHome is candid in its assessment that its position runs afoul of prior decisions of this court, the Sixth Circuit Bankruptcy Appellate Panel and the Sixth Circuit ("...all have adopted a narrow view...[which] myopically avoids the 2000 amendments to Kentucky's version of the Uniform Commercial Code and existing Kentucky case law concerning manufactured homes." DOC 33, p. 3). Yet, it is the province of the legislature, not this Court, to amend the clear and unambiguous statutory provisions of KRS Sections 186A.190(1) and 186A.297. *See Hardin County Fiscal Court v. Hardin County Bd. of Health*, 899 S.W.2d 859, 861 (Ky. App. 1995) (*citing* K.R.S. 446.080 (2010)).

Finally, EverHome's reliance on the unpublished decision of Whisman v. Whisman, 2007-CA-002534-MR (KYCA 2009)) [Exhibit 5 to DOC 33] is likewise misplaced. Whisman merely held that an affixed manufactured home without a title may be conveyed by deed. The Whisman Court reasoned "we are without evidence indicating to whom the trailer belonged, when it was purchased or whether it was permanently affixed to the property. . . Based upon the only evidence presented, we cannot

Case 10-22108-tnw    Doc 36    Filed 01/24/11    Entered 01/24/11 15:18:13    Desc Main
Document      Page 8 of 8

find that the court's finding of fact on this issue was clearly erroneous." <u>Id</u>. at 4. Whisman's narrow ruling and factual distinctions do not advance EverHome's position.

    The mobile home at issue herein, having an active certificate of title and not having been converted to real property in accordance with KRS 186A.297, is unencumbered personal property and Everhome's claim may be modified. For the foregoing reasons, EverHome's "Objection to Chapter 13 Plan" [DOC 15], and "Supplemental Objection to Plan" [DOC 25] are OVERRULED. Unless EverHome requests a valuation hearing with respect to the Sparta real property within fourteen (14) days, the Debtors' amended plan [Doc 26] shall be confirmed.

Copy to:

Aaron M. Beck, Esq.
John P. Brice, Esq.
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Monday, January 24, 2011
(tnw)**